UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL WILBURN, )<br>)<br>Plaintiff, )<br>vs.   )<br>)<br>KROLL SUBSTANCE ABUSE TESTING )<br>  RESOURCE CENTER, el al., )<br>)<br>Defendants. ) | 1:10-cv-0174-SEB-JMS |

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, this action must be dismissed for lack of jurisdiction.

**I.**

**A.**

"Jurisdiction" refers to "a court's adjudicatory authority." *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004). A court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.). Accordingly, "judges must consider jurisdiction as the first order of business." *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.,* 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 74 U.S. 506, 514 (1868); *see also Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998).

**B.**

Mindful of the foregoing, and aware that the question can be raised by the court on its own motion, *Sadat v. Mertes,* 615 F.2d 1176, 1188 (7th Cir. 1980)("[I]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise sua sponte the subject-matter jurisdiction of the court at any time and at any stage of the proceedings."), the court in this case ordered plaintiff Paul Wilburn on February 18, 2010, to show cause why this action should not be dismissed for lack of subject matter jurisdiction

Wilburn sought and obtained an extension of time in which to respond to the foregoing directions. He then sought a further extension of time in which to do so, but did not support the request with a valid reason, leading to the denial of the motion. Thus, Wilburn has not responded to the order that he show cause why this action should not be dismissed for lack of subject matter jurisdiction.

**II.**

Federal courts are courts of limited jurisdiction. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986); *Abercrombie v. Office of Comptroller of Currency,* 833 F.2d 672, 674 (7th Cir. 1987). Except for a narrow range of cases not relevant here, a plaintiff may bring a suit in federal court only if a statute of Congress authorizes the federal court to hear that type of suit--that is, only if the federal court has subject matter jurisdiction. *Bender,* 475 U.S. at 541; *Abercrombie,* 833 F.2d at 674. "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009)(citing 28 U.S.C. §§ 1331-32).

In its earlier description of Wilburn's claims, the court explained:

> The plaintiff alleges in his complaint that certain entities failed to follow rules of the United States Department of Transportation, Drug and Alcohol Testing while conducting a random employee urine sample drug test. By naming the Indiana Department of Workforce Development, the Indiana State Employees' Appeals Commission, and the State Personnel Department as defendants, the plaintiff apparently alleges that the determination that there was a "refusal to test" was construed as "just cause" for his employment termination and caused his claim for unemployment benefits to be discontinued retroactively and potentially subject to a claim of overpayment. These allegations do not provide a sufficient basis for the court's limited jurisdiction.

Thus, Wilburn's allegations support the reasonable inferences that (a) he was an employee of the State of Indiana, (b) he was directed to submit to a random urine test, (c) he refused to participate in that test, and (d) his employment was terminated because of that refusal.

As to the test itself, the complaint can be understood to allege that the protocols or procedures of the urine test were not in accord with rules of the United States Department of Transportation.

Plainly, there is neither the allegation of diversity of citizenship nor of a federal question, meaning a "well-pleaded complaint establish[ing] either that federal law creates the cause of action or that the plaintiff's right to relief . . . depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983)). Wilburn's complaint cites no federal law that creates a cause of action based on the circumstances he has alleged. That is, Wilburn's complaint does not identify any form of actionable discrimination under federal statute or any actionable misconduct attributed to the defendants or any of them. The court liberally construes the pleadings of pro se litigants such as Wilburn, but in doing so "will not invent legal arguments for litigants and is not obliged to accept as true legal conclusions or unsupported conclusions of fact." *County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006)(internal quotations and citations omitted). Even liberally construed, Wilburn's complaint falls short of the jurisdictional basics, he has failed to support or explain its sufficiency in that respect, and the consequence is now evident.

**III.**

Based on the discussion in Part II of this Entry, this action is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/27/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana